UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | |
|---|---|---|
| **RAYMOND M. FINNAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case: 5:23-cv-103-BJB |
| | ) | |
| v. | ) | |
| | ) | |
| **WAL-MART STORES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

Plaintiff, Raymond M. Finnan ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Wal-Mart Stores, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") and the Kentucky Civil Rights Act, KRS 344 *et seq*. ("KCRA") seeking redress for Defendant's failure to promote on account of Plaintiff's disability under the ADA and the KCRA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3. Venue of this action properly lies in the Western District of Kentucky, Paducah Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. This Court has pendent jurisdiction and supplementary jurisdiction of Count II

and Count IV through 28 U.S.C. §1367.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

6. A charge of employment discrimination on basis of disability was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Raymond M. Finnan resided in Massac County, Illinois and employed in McCracken County, Kentucky.

9. At all times material to the allegations in this Complaint, Defendant, Wal-Mart Stores, Inc. is a corporation doing business in and for McCracken County whose address is 5130 Hinkleville Road, Paducah, KY 42001 and headquartered at 702 S.W. 8th Street, Bentonville, AK 72716.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

12. Plaintiff was employed by Defendant as an "employee" within the meaning of KRS 344.030(5).

13. During the applicable limitations period, Defendant has had at least fifteen employees and has been an "employer" engaged in an industry affecting commerce within the meaning of KRS 344.030(2).

## **BACKGROUND FACTS**

14. Plaintiff began working for Defendant as a meat and produce associate on or around March 9, 2012.

15. As a meat and produce associate, Plaintiff's duties included, but were not limited to, the following:

- Stocking merchandise;
- Production of hot/cold items in bakery and deli;
- Food area cleaning and sanitation; and
- Other duties as needed.

16. Plaintiff met or exceeded Defendant's performance expectations for his job title throughout the course of his employment.

17. In or around December 2022-January 2023, Plaintiff applied for the Department Manager position at Defendant's Hinkleville Road location.

18. The qualifications for the Department Manager position include:

- Excellent communication skills;
- Requisite knowledge of company policies and procedures;
- Ability to organize and prioritize completion of tasks; and
- Possess leadership skills to inspire and encourage team members.

19. Plaintiff was qualified for this job position because he had a decade-plus of experience in that particular department within that particular location.

20. Plaintiff was further qualified because he had received positive feedback on his

job performance from Defendant for the past decade of his employment with them.

21. Even more, Plaintiff was nominated for the position by several other employees and managers.

22. In or around January 2023, Plaintiff was scheduled to interview for the department manager position when he suffered an optic stroke.

23. The optic stroke left Plaintiff blind in his right eye.

24. Plaintiff's blindness rendered him disabled because it substantially affects his major life activities, such as being able to care for himself, to see, concentrating, and motor-planning.

25. Regardless of Plaintiff's disability, he was able to perform the essential functions of his job with or without accommodation.

26. Plaintiff is a "qualified individual" as defined under the ADA.

27. In fact, Plaintiff has never requested reasonable accommodations from Defendant, meaning there was no undue burden on Defendant to promote Plaintiff to the position of department manager.

28. Following Plaintiff's stroke and subsequent blindness, he informed Coach Melissa (LNU) of his disability and that he was still interested in the department manager position.

29. Plaintiff further requested an interview to be scheduled.

30. Eventually, Plaintiff was granted an interview nearly two months after he inquired about an interview, in or around March 2023.

31. A week after interviewing for the department manager position, Coach Melissa informed Plaintiff that he was denied the position because he needed to "work on [his] health."

32. Plaintiff was shocked and confused, as he had not experienced this sort of treatment prior to developing blindness.

33. Plaintiff, hurt that he had been passed up for a promotion that other team members had recommended him for, asked Coach Melissa, "If weren't for my eye would I have gotten the promotion?"

34. Upon information and belief, Coach Melissa refused to answer Plaintiff's question.

35. Plaintiff was passed up for his promotion on account of his disability (blindness).

36. Plaintiff then engaged in protected activity and reported his concerns to Defendant's Hinkleville Road store manager and Defendant's Human Resources (HR) department.

37. Plaintiff engaged in two Zoom meetings with Defendant to discuss the disability-based discrimination and possible solutions; however, Defendant failed to investigate or take remedial action to put Plaintiff in the position he would have been had he never become disabled.

38. On or around April 19, 2023, after still having not received a response from Defendant, Plaintiff called Defendant's HR department for an update.

39. Ultimately, Defendant's HR department informed Plaintiff that his case had been closed; no action was taken.

40. This course of events has caused Plaintiff to experience extremely low self-esteem and anxiety surrounding his disability (blindness), as Plaintiff feels as though he has shown his worth to Defendant as a loyal employee for over a decade.

41. Effectively, despite his qualifications and recommendations by other employees

and upper management, Defendant failed to promote Plaintiff to the position of department manage on account of his disability.

42. As a result of the foregoing, no non-discriminatory reason existed for why Defendant failed to promote Plaintiff to the position of department manager.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

43. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

44. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

45. Plaintiff met or exceeded performance expectations.

46. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

47. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

48. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

49. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

50. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss

of enjoyment of life.

## COUNT II
### Violation of the Kentucky Civil Rights Act, KRS 344 *et seq.*
### (Disability-Based Discrimination)

52. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Kentucky Civil Rights Act, KRS 344 *et seq.* ("KCRA").

54. Plaintiff met or exceeded performance expectations.

55. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

56. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

57. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the Kentucky Civil Rights Act, KRS 344 *et seq.*

58. Plaintiff is a member of a protected class under the KCRA, due to Plaintiff's disability.

59. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

60. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's

favor and against Defendant as follows:

      a.      Back pay with interest;

      b.      Payment of interest on all back pay recoverable;

      c.      Front pay;

      d.      Loss of benefits;

      e.      Compensatory and punitive damages;

      f.      Reasonable attorneys' fees and costs;

      g.      Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 26th day of July, 2023.

*/s/Chad W. Eisenback, Esq.*
**Chad W. Eisenback, Esq. (Bar No. 6340657)**
**Mohammed O. Badwan, Esq. (Bar No. 6299011)**
**Sulaiman Law Group, Ltd.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (312) 331-7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*